·STAMPUR & ROTH
ATTORNEYS AT LAW

WILLIAM J. STAMPUR
JAMES ROTH

299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

(212) 619-4240
FAX (212) 619-6743

August 4, 2020

**By ECF**

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      **Re:**   *United States v. Brandon Estevez*
             **18 Cr. 669 (JPO)**

Dear Judge Oetken:

      I write to request permission to file the attached motion for miscellaneous relief one day out of time. The parties had anticipated that they would reach a disposition in principle prior to the filing deadline which would obviate the need for the filing of this motion. While we continue to engage in discussions to resolve the case, I respectfully request that Your Honor accept this filing.

Granted.
So ordered.
  August 6, 2020

Very truly yours,

James Roth, Esq.

J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x

UNITED STATES OF AMERICA,

                                                   **18 Cr. 669 (JPO)**

                                                   **NOTICE OF MOTION**

      -v-

BRANDON ESTEVEZ,

              Defendant.
---------------------------------------------------x

SIRS:

       PLEASE TAKE NOTICE that upon the annexed declaration of James Roth, Esq., dated August 4, 2020, the accompanying Memorandum of Law, and upon all of the pleadings and proceedings contained herein, the defendant, BRANDON ESTEVEZ, hereby moves this court, before the Honorable J. Paul Oetken, United States District Judge for the Southern District of New York, at the Courthouse located at 40 Foley Square, New York, New York, for an Order:

1. Directing the government to comply with its discovery obligations under Federal Rule of Criminal Procedure 15 and under *Brady*;
2. Directing the government to comply with its discovery obligations under *Giglio*;
3. Directing the government to produce Rule 16(a) and Jencks Act material well in advance of trial;
4. Directing the government to immediately disclose FRE 404(b) evidence;
5. Directing the government to disclose pretrial all proposed demonstrative evidence and summary charts;
6. Directing the government to disclose any statements by co-conspirators offered pursuant to FRE 801(d)(2)(e);
7. Permit Brandon Estevez to reserve his right to make additional motions as necessary and join in the motions of his co-defendants; and
8. For such other and further relief as this Court deems reasonable and proper.

Dated: August 4, 2020
       Westchester County, New York

Respectfully submitted,

James Roth, Esq.
Stampur & Roth
299 Broadway, Suite 800
New York, NY 10007
*Attorney for Brandon Estevez*

cc:     Clerk of Court
        United States District Court
        Southern District of New York
        40 Foley Square
        New York, NY 10007

        Hon. J. Paul Oetken
        United States District Judge
        Southern District of New York
        40 Foley Square
        New York, NY 10007

        United States Attorney's Office
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY 10007
        ATTN: AUSA Jacob Warren

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,                              **18 Cr. 669 (JPO)**

     -v-

BRANDON ESTEVEZ,

        Defendant.
--------------------------------------------------x

## DEFENDANT BRANDON ESTEVEZ'S
## MEMORANDUM OF LAW

Dated: August 4, 2020
       Westchester County, New York

BY:
James Roth, Esq
Stampur & Roth
299 Broadway, Suite 800
New York, NY 10007
*Attorney for Brandon Estevez*

## PRELIMINARY STATEMENT

Defendant Brandon Estevez was charged in the instant case in a multi-count, multi-defendant Superseding Indictment, filed on April 18, 2019. *See,* ECF Dkt. 24. The Indictment charges Mr. Estevez in five counts, to wit: Count One - a Racketeering Conspiracy, existing from at least in or about 2017, up to and including in or about April 2019, in violation of Title 18 United States Code ("USC") § 1962(d); Count Three - Violent Crime in Aid of Racketeering, wherein Mr. Estevez and two other co-defendants, on or about February 11, 2018, shot at a rival gang member, in violation of Title 18 USC §§ 1959(a)(5), (a)(6), and 2; Count Four - Firearms Offense, wherein Mr. Estevez brandished and discharged a firearm, in violation of 18 USC §§ 924(c)(1)(A)(i), (ii), (iii), and (2); Count Eleven - Narcotics Trafficking, existing from at least in or about 2017, up to and including in or about April 2019, in violation of 21 USC § 846; and Count Twelve - Firearms Offense - Narcotics Trafficking, wherein firearms were used in furtherance of the narcotics trafficking conspiracy, in violation of 18 USC §§ 924(c)(1)(A)(i), and (2).

This Memorandum of Law is respectfully submitted on behalf of defendant Brandon Estevez in support of his motion for early government disclosure of *Brady* and *Giglio* material, for early productions of Jencks Act and 3500 material, for disclosure of FRE 404(b) evidence, for the disclosure of demonstrative evidence and summary charts and for such other relief that is just and proper.

## THE COURT SHOULD DIRECT THE GOVERNMENT TO COMPLY WITH ITS DISCOVERY OBLIGATIONS UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 15 AND UNDER BRADY

Defendant Brandon Estevez respectfully moves that this Court enter an Order requiring the government disclose all information known to the government (and which may be known to any investigative or law enforcement agency engaged in a joint investigation with the government) which may be favorable to the defendant on the issues of guilt or punishment as required by constitutional principles and *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that suppression of evidence favorable to the defense by the prosecution is a denial of substantive and procedural due process where such suppressed evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution. 373 U.S. 83, 86-88. In *United States v. Agurs*, 427 U.S. 93 (1976), the Supreme Court held that a prosecutor violates the constitutional duty of disclosure where the omission is sufficiently significant so as to result in the denial of the defendant's right to a fair trial. 427 U.S. 93, 107-109. While the mere possibility that an item of undisclosed information might have aided

the defense, or might have affected the outcome of the trial, it does not establish "materiality" in the constitutional sense, (427 U.S. 93, 109-110), nor is the prosecutor's constitutional duty of disclosure measured by his moral culpability or willfulness; if the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor. Id. The proper standard of materiality of undisclosed evidence is that if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist, constitutional error has been committed. *Agurs*. 427 U.S. 93, 112-114. "Complying with the Jencks Act, of course, does not shield the government from its independent obligation to timely produce exculpatory material under Brady – a constitutional requirement that trumps the statutory power of 18 U.S.C. 3500." *United States v. Rittweger*, 524 f.3d 171, 181, n.4 (2d Cir. 2008).

While the Government has acknowledged an ongoing duty to disclose all "*Brady* material," in an effort to assure the fundamental fairness and constitutionality of these proceedings, it is requested that this Court issue an Order to the government directing it to comply with its *Brady* obligations at a time sufficiently in advance of trial so as to allow the defendant to adequately investigate, respond to and prepare for the same.

## THE COURT SHOULD DIRECT THE GOVERNMENT TO COMPLY WITH ITS DISCOVERY OBLIGATIONS UNDER GIGLIO

The defendant respectfully moves for an Order directing the government to disclose all material required under the holding of *Giglio v. United States*, 405 U.S. 150 (1972). This request includes, but is not limited to, the following:

1)      a complete up-to-date record of all criminal convictions of all actual/potential government witnesses, including arrest and conviction records from the U.S. Department of Justice, and/or any State, territory or foreign country;

2)      a complete and up-to-date statement of all arrests where information or actual/potential government witnesses were apprehended but not convicted, including the jurisdiction and the governmental authorities involved;

3)      a complete and up-to-date list of all crimes committed by actual/potential government witnesses where there was no apprehension or arrest, including the dates, times and locations of the same;

4)      a complete list of all "bad acts" allegedly committed by the actual/potential government witnesses, their families or friends, involving the following subject matter(s), or in exchange for which the actual/potential government witnesses, their families or friends received the following:

a) money or other valuable items;

b) drugs or controlled substances;

c) immunity from prosecution;

d) favorable dispositions of criminal or civil cases or investigations;

e) promises of protection, including but not limited to, enrollment in the so-called Witness Protection Program;

f) a new identity;

g) a promise not to seize property, or to return any property seized;

h) an agreement not to proceed with the forfeiture of seized property;

i) promises of incarceration at a particular prison facility or system;

j) an agreement to not reveal matters concerning an actual/potential government witness to any particular person(s);

k) a promise of help or favorable recommendation to probation or parole authorities;

5)     a listing of the specific services the informants or actual/potential government witnesses agreed to provide to the government;

6)     a listing of any and all intervention by law enforcement agents, prosecutors, or any other governmental agent on behalf of an actual/potential government witness in this case;

7)     disclosure of all files, confidential or otherwise, relating to any actual/potential government witness regarding the Internal Revenue Service, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco and Firearms, the Postal Inspection Service, or any other federal, state or local police agency or organized task force;

8)     any and all evidence of perjury or false, incomplete or inconsistent statements made by any actual/potential government witness in this case;

9)     any and all evidence of the substance abuse, mental illness or emotional disturbance of any actual/potential government witness(es), and all treatment for the same received by such witness(es);

10)    a complete description of the negotiations between any informant, actual/potential government witness, or the families and/or friends of the same, in connection with this case.

In *Giglio v. United States*, the Supreme Court held that a prosecutor's failure to disclose a promise of leniency made to a co-conspirator of the defendant in exchange for his testimony against the defendant warranted reversal of the defendant's conviction and the granting of a new trial. *Giglio v. U.S.*, 405 U.S. 150 (1972) In so ruling, the Court cited *Napue v. Illinois*, 360 U.S. 264 (1959), as well as *Brady v. Maryland*, 373 U.S. at 87, in holding that "suppression of material evidence [favorable to the defense] justifies a new trial "irrespective of the good faith or bad faith of the Prosecution [cites omitted] ... When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule." *Id.*, 405 U.S. 150 at 157.

WHEREFORE, the defendant requests that this Court order disclosure of the materials requested herein.

## THE COURT SHOULD DIRECT THE GOVERNMENT TO PRODUCE RULE 16(A) AND JENCKS ACT MATERIAL WELL IN ADVANCE OF TRIAL

Fed. R. Crim. P. 16(a) provides for discovery and inspection of the defendant's prior statements, the defendant's prior record, of documents and tangible objects, of reports of examinations and tests, and for disclosure of expert witness information. *Id.* 18 U.S.C. §3500 (The Jencks Act) provides for the disclosure to defense of the grand jury testimony of a witness, but only after such witness has testified at a trial or hearing. However, under Fed. R. Crim. P. 16(d), the District Court may modify any protective or discovery order previously issued upon the making of a "sufficient showing" by a movant seeking discovery.

The defendant submits that reasons which strike to the heart of judicial economy and fundamental fairness constitute a "sufficient showing" as to why early disclosure of grand jury testimony must be made. Fed. R. Crim. P. 16(d)(1). The defendant submits that constitutional principles require a thorough investigation of government witnesses, particularly in a case with serious charges and significant penalties. If the defendant is required to conduct that investigation only after the government's witnesses testify, constitutionally deficient performance will likely follow. See *Strickland v. Washington*, 466 U.S. 668 (1984). For these reasons, defendant respectfully requests an Order that all Rule 16(a) and Jencks Act disclosure must be made no less than thirty (30) days prior to trial.

## THE COURT SHOULD DIRECT THE GOVERNMENT TO IMMEDIATELY DISCLOSURE OF FRE 404(b) EVIDENCE

Fed. R. Evid. 404(b) provides for introduction of other crimes, wrongs or acts of a person for various purposes, including proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. The pretrial notice requirement contained in Rule 404(b) "is intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) Advisory Committee Notes (1991 Amendment). Upon request by the accused, the prosecution must provide reasonable notice in advance of trial of the general nature of any such evidence it intends to use at trial. *Id.*

The Second Circuit has adopted an inclusionary or positive approach to Rule 404(b); as long as the evidence is not offered to prove propensity, it is admissible. *United States v. Levy*, 731 F.2d 997 (2d Cir. 1984); *United States v. O'Connor*, 580 F.2d 38, 40 (2d Cir. 1978). The government, however, must explain in detail the purposes for which the evidence is sought to be admitted. *Id.* When the court has determined that the evidence is admissible under Rule 404(b), it must then balance the probative value of the evidence against its prejudicial impact to determine if the evidence is excludable under Rule 403. *United States v. Benedetto*, 571 F.2d 1246, 1248 (2d Cir. 1978). As a final protection against unfair prejudice to the defendant, the court, upon request, must instruct the jury that it must only use the evidence of other acts for the purposes for which it was offered and not as an indication of criminal propensity. Fed. R. Evid. 105.

Accordingly, Defendant requests that the Court order the Government to provide a statement on the theory of admissibility as to each item of Rule 404(b) evidence it intends to introduce at trial. See Fed. R. Evid. 404(b) (notice of the general nature of such evidence required); *see also, United States v. Foskey*, 636 F.2d 517, 526 n.8 ("the government should supply the District Court with a written analysis of the logical inferences justifying admission of the evidence.) Given the complexity of these questions, and the ease of confusion of permissible with impermissible inferences, such a procedure might obviate the need for this Court, as well as the Court of Appeals, to speculate regarding the government's theory of the evidence's relevance to the issues listed in Rule 404(b). Additionally, early government disclosure pursuant to FRE 404(b) will aid the defendant in formulating his objections, if any. Finally, disclosure will also aid the Court in ruling on the admissibility of the evidence and will help to ensure that defendant is not prejudiced and wrongly convicted or sentenced by evidence that has been improperly admitted. See, *Huddleston v. United States*, 108 S. Ct 1496, 1501 n.6 (1988).

## THE COURT SHOULD DIRECT THE GOVERNMENT TO DISCLOSE PRE-TRIAL ALL PROPOSED DEMONSTRATIVE EVIDENCE AND SUMMARY CHARTS

The Second Circuit has recognized the need for and encouraged pre-trial disclosure by the Government of its demonstrative evidence. See, *United States v. Dioguardi*, 428 F.2d 1033, 1038 (2d Cir. 1970) (emphasizing "the great desirability of making the program and other materials needed for cross-examination of computer witnesses, such as flow-charts used in the preparation of the programs, available to the defense a reasonable time before trial"); *United States v., Oshatz*, 912 F.2d 534, 543 (2d Cir. 1990) (same). There is good reason for this. First, without early disclosure of such "illustrative" evidence, a defendant cannot adequately determine whether such evidence satisfies the relevancy standard of Fed. R. Evid. 401 and/or survives the

balancing test of Fed. R. Evid. 403. Secondly, without early disclosure of such evidence, a defendant cannot adequately determine the proper foundational requirements, whether the evidence should be formally admitted, and whether it may go to the jury room during deliberations. *See,* Mueller & Kirkpatrick, Modern Evidence, §9.32 (1995).

Early disclosure of demonstrative evidence will also benefit the Court. The Second Circuit "[has] stressed that the Court should independently determine whether the [evidence] fairly represent[s] and summarize[s] the evidence upon which [it] is based." *United States v. Oshatz,* 912 F.2d 534, 543 (2d Cir. 1990) [internal quotation marks omitted; citations omitted]; Mueller & Kirkpatrick, Modern Evidence §9.32 (1995) ("Demonstrative evidence requires particularly careful judicial monitoring because of its capacity to mislead and because of the potent and often inalterable image it leaves in jurors' minds.") With early disclosure, the parties can bring to the Court's attention prior to trial, evidence which is problematic or disputed, thus avoiding the occasion for delays later in the proceedings.

Likewise, the defendant requests an order requiring the government to disclose pretrial any summary chart. "A chart submitted by the prosecution is a very persuasive and powerful tool and must be fairly used, since by its arrangement and use, it is an argument to the jury during the course of the trial. *United State v. Conlin,* 551 F.2d 534 (2d Cir. 1977). So that both the defendant and the Court can determine, pretrial, whether any summary chart that the government seeks to admit argues rather than identifies testimony already admitted, the defendant seeks its early disclosure.

## THE COURT SHOULD DIRECT THE GOVERNMENT TO DISCLOSE ANY STATEMENTS BY CO-CONSPIRATORS OFFERED PURSUANT TO FRE 801(D)(2)(E)

Under Fed. R. Evid. 801(d)(2)(E), co-conspirator statements are deemed statements of the accused and are admissible against the accused at trial. Accordingly, such statements are discoverable by defendant under Fed. R. Crim. P. 16(a)(1)(A). *See, e.g. United States v. Thevis,* 84 F.R.D. 47, 56-57 (N.D. Ga. 1979). Although the government has disclosed certain discovery materials that arguably contain co-conspirator statements, the government has not identified which statements it will seek to introduce against defendant and/or his co-defendants at trial. Defendant's motion therefore seeks to elicit from the government the identity and substance of those co-conspirator statements it intends to introduce at trial, so as to ensure defendant adequate notice, a fair trial and effective assistance of counsel.

## BRANDON ESTEVEZ RESPECTFULLY RESERVES HIS RIGHT TO MAKE ADDITIONAL MOTIONS AS NECESSARY AND JOINS IN THE MOTIONS OF HIS CO-DEFENDANTS

Because Mr. Estevez has not yet seen all the discovery and/or evidence that the government intends to present against him, he respectfully reserves the right to make additional motions should the Court rule in his favor and should subsequent disclosures by the government give rise to the need for additional pretrial motions.

Mr. Estevez respectfully joins in the motions of each of his co-defendants insofar as they are applicable to him.

## CONCLUSION

Wherefore, for the foregoing reasons, the Court should grant Mr. Estevez's motions in their entirety.

Respectfully submitted,

James Roth, Esq.
Stampur & Roth
299 Broadway, Suite 800
New York, NY 10007
*Attorney for Defendant*

Dated: August 4, 2020
        Westchester County, New York

cc:     AUSA Jacob Warren

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

UNITED STATES OF AMERICA,

                                  **18 Cr. 669 (JPO)**

                                  **SUPPORTING DECLARATION**

       -v-

BRANDON ESTEVEZ,

        Defendant.

----------------------------------------------------x

      JAMES ROTH, pursuant to 28 U.S.C. §1746, hereby declares under penalty of perjury:

1.     I, the undersigned declarant, am counsel of record for defendant Brandon Estevez in the above captioned case. I make this declaration in support of Mr. Estevez's pretrial motions.

2.     Mr. Estevez seeks disclosure of exculpatory evidence , evidence of prior bad acts and additional miscellaneous relief..

3.     The facts and legal support for the relief sought are set forth in the accompanying Memorandum of Law.

      WHEREFORE, it is respectfully requested that the Court grant Mr. Estevez's pretrial motions in their entirety, together with such other and further relief this Court deems just and proper.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. §1746.

      Executed on August 4, 2020

                                           _____
                                           James Roth, Esq.